KORBER & COMPANY, PLAINTIFFS AND APPELLANTS, *v.* ABOY, VIDAL & COMPANY, DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan, Section 1, in an Action for Damages for Non-performance of Contract.

MOTION for Dismissal of the Appeal.

No. 1891.—Decided July 26, 1918.

APPEAL.—According to the provisions of the Act of 1911 (Comp. 1911, sec. 5339), the time within which appeals may be taken from the judgments and orders referred to in section 295 of the Code of Civil Procedure begins to run from the date of the filing of the notice of the judgment or order among the papers.

ID.—COMPUTATION OF TIME.—The period of ten days prescribed by subdivision No. 2 of section 295 of the Code of Civil Procedure shall be computed by excluding the first day and including the last, as provided by section 388 of the Political Code.

The facts are stated in the opinion.

*Mr. Henry G. Molina* for the appellants.

*Mr. Manuel Benítez Flores* for the appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The appellees moved for dismissal of the appeal from the order of June 25, 1918, granting a new trial, on the ground that it was not filed until July 6 following, or after the expiration of the time prescribed by law.

The appellants showed by a certificate of the clerk of the district court that the copy of the notice of the order of the court had been filed on June 26, 1918, and alleged that as the time for taking the appeal began to run on that day, their appeal was taken within the time prescribed by the law.

Clause 3 of section 295 of the Code of Civil Procedure provides that an appeal may be taken from an order granting a new trial within ten days after the order is made and entered on the minutes of the court or filed with the clerk. Comp. 1911, sec. 5338.

An act was passed in 1911 (No. 70, p. 226) providing that "In all cases in which an appeal may be taken as provided in section 295 of the Code of Civil Procedure, as amended March 11, 1908, it shall be the duty of the secretary of the court to mail a written notice to the losing party or his attorney when the judgment from which the appeal may be taken is rendered, notifying him of the rendition of the judgment or the action of the court, and a copy of such notice shall be filed with the papers in the case, and the time within which such appeal may be taken shall begin to run from the date of the filing of such notice among the papers." Comp. 1911, sec. 5339.

Although the wording of the above provision is confusing, it can not be denied that the new procedure established—that is, giving notice of appealable judgments and orders and computing the time for appealing from the day on which the notice is filed with the papers in the case—includes all the judgments and orders referred to in section 295 of the Code of Civil Procedure, and consequently the order involved in this case.

The notice here took effect on June 26, 1917. According to the provisions of section 388 of the Political Code (Comp. 1911, sec. 3095), the period of ten days prescribed by clause 3 of section 295 of the Code of Civil Procedure is computed by excluding the first day and including the last. Therefore, counting from June 27, the ten days expired on July 6, the very day on which the appeal was taken.

For this reason the appellees' motion must be

*Overruled.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.